The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| D.B., et al.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SUSAN DREYFUS, et al.,<br><br>　　　　　Defendants. | NO. C11-2017 RBL<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

THIS MATTER came before the Court on February 29, 2012, on Plaintiffs' Motion for Preliminary Injunction. Present at the hearing were Susan Kas and Gregory D. Provenzano, counsel for Plaintiffs; and Assistant Attorneys General Jonathon Bashford, Wm. Bruce Work, and Edward J. Dee, representing the Defendants.

Plaintiffs ask this Court to enjoin the Defendants—Susan Dreyfus, Secretary of the Washington State Department of Social and Health Services (DSHS), and Doug Porter, Director of the Washington State Health Care Authority (HCA)—from implementing certain changes to their rules governing how Medicaid in-home personal care services are determined for individuals under age 21, namely an adjustment to the "base hours" used by DSHS's Comprehensive Assessment and Reporting Evaluation tool (CARE). At the hearing on Plaintiffs' previous Motion for Temporary Restraining Order, this Court requested that the parties contact the

ORDER DENYING
MOT FOR PI
NO. C11-2017 RBL

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

federal Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS), to ask for their input into the manner in which a state is required to determine medical necessity for personal care services. The Court has reviewed and considered CMS's letter in response, dated January 25, 2012; the memoranda, declarations and exhibits submitted by the parties; the testimony and demeanor of two witnesses who testified in open court on January 26, 2012; and oral argument presented by counsel. Being fully advised, the Court hereby makes the following FINDINGS and CONCLUSIONS, and enters the following ORDER:

**FINDINGS OF FACT**

1. Plaintiffs D.B. and H.C. are minor children. Plaintiff Charles Wilen is eighteen years old. All three Plaintiffs have developmental disabilities and are authorized by DSHS to receive paid, in-home personal care services through the Medicaid program. Personal care services are defined by DSHS as assistance with activities of daily living (such as eating, bathing, and toileting) or instrumental activities of daily living (such as housekeeping and shopping). Wash. Admin. Code § 388-106-0010; CMS State Medicaid Manual at Pt. 4, § 4480(C).

2. DSHS authorizes personal care services to eligible individuals based on the outcome of each individual's annual CARE assessment. CARE determines the relative functional disability of recipients, and places them into one of 17 classification groups with other individuals with similar levels of disability. Each classification group is associated with a certain number of "base hours" of personal care services. Wash. Admin. Code § 388-106-0125. Base hours may be adjusted up or down in each individual case to arrive at the amount of services (in hours per month) that will be authorized for an individual, based on such factors as the use of wood as a primary source of heat, the developmental age of a child, and the availability of "informal supports" such as schools and parents that already provide personal care services to the individual. Wash. Admin. Code § 388-106-0130.

ORDER DENYING
MOT FOR PI
NO. C11-2017 RBL

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

3. The criteria that define each of the classification groups, and the ratios of hours between the various groups, are based in large part on data compiled from time studies conducted by DSHS in 2001 and 2002. DSHS initially assigned base hours to the classification groups on the basis of those ratios, in a manner that distributed the state's personal care budget in a budget-neutral manner. The record does not indicate that DSHS has ever intended the hours generated by the CARE tool to represent the minimum number of hours of caregiver time necessary to meet an individual's needs for assistance with personal care tasks.

4. According to the time studies, the mean and median caregiver time spent directly assisting adults with personal care services is less than the base hours assigned to each classification group, both before and after the reductions at issue in this case. Plaintiffs have not made any contrary showing as to the amount of time it takes a caregiver to provide assistance with personal care tasks to children and youth under 21, either generally or in their specific cases.

5. In May 2011, the Washington Supreme Court invalidated a DSHS rule that automatically adjusted children's personal care hours based on their age and whether they lived with their parents. *Samantha A. v. DSHS*, 171 Wash. 2d 623, 256 P.3d 1138 (2011). In response to the ruling in *Samantha A.*, DSHS adopted emergency rules changing how it would calculate informal supports for children, eliminating the automatic adjustments that applied to children but not to adults. Wash. St. Reg. 11-23-082 (Nov. 17, 2011). At the same time, DSHS adopted the same, lower base hours for children and youth under 21 that it uses for adults over 21 in the personal care program. Wash. St. Reg. 11-23-092 (Nov. 17, 2011).

6. Rather than implementing the changes to base hours and to the CARE assessment in an immediate and across-the-board manner, DSHS is currently conducting individualized assessments of each child under the new assessment rules. At the end of the individual assessment, a case manager individually determines that the number of personal

ORDER DENYING
MOT FOR PI
NO. C11-2017 RBL

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

care hours authorized for that individual is sufficient to meet the individual's needs, based on the totality of circumstances. If the case manager determines that the hours generated by CARE are not sufficient, he or she identifies other in-home services to meet the child's needs or refers the case to DSHS's Exception to Rule committee, which may authorize additional personal care services.

7. Plaintiffs H.C. and Mr. Wilen have seen their personal care services increase with their latest assessments. There is no indication that their needs were unmet or that they suffered any harm under their previous, lower service authorization. An assessment for D.B. was conducted on February 27, 2012, but its results were not known at the time of the hearing on February 29, 2012. Plaintiffs have presented no credible evidence that their needs for assistance with activities of daily living or instrumental activities of daily living are not adequately met with their current amount of services. Plaintiffs have not presented evidence showing that the lower base hours are likely to have any serious repercussions for Plaintiffs or the putative class.

8. States vary widely in the amount of personal care services that they provide. Washington ranks relatively high among states in the amount of personal care services provided to recipients. There is no indication of even a rough national standard or consensus of what amount of personal care services are medically necessary to meet any given individual's needs. Given that variance and the history of Washington's CARE tool, it does not appear that the previous level of base hours assigned to each classification group was the level of medically necessary care required to meet the personal care assistance needs of recipients in each group.

**CONCLUSIONS OF LAW**

1. To be entitled to a preliminary injunction under Federal Rule of Civil Procedure 65, a plaintiff must make a clear showing on four elements: that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

ORDER DENYING
MOT FOR PI
NO. C11-2017 RBL

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). Alternatively, where the balance of hardships tips sharply in the plaintiff's favor, a preliminary injunction may be awarded provided that the plaintiff demonstrates serious questions going to the merits. *Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134-35 (2011).

2. Under the Medicaid Act, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396a-1396w, the federal government provides monetary assistance to participating States so that they may furnish medical care and other services to qualified individuals. If a State elects to participate in Medicaid—which all fifty do—it must operate its program in conformity with applicable federal laws. The federal government administers Medicaid through CMS. 42 C.F.R. § 400.200. Washington's Medicaid program is managed by HCA, with the cooperation of DSHS. Wash. Rev. Code § 74.04.050.

3. Under the Early and Periodic Screening, Diagnosis and Treatment (EPSDT) program, 42 U.S.C. § 1396d(r), a state that chooses to participate in the Medicaid program is required to provide any Medicaid service listed in 42 U.S.C. § 1396d(a) to Medicaid-eligible individuals under the age of 21, to the extent that a screening shows that such services are necessary to correct or ameliorate the individual's condition. Personal care services, as an optional category of medical assistance identified in § 1396d(a), must thus be provided to individuals under age 21 if such services are medically necessary.

4. Each Medicaid service provided by a participating state "must be sufficient in amount, duration, and scope to reasonably achieve its purpose." 42 C.F.R. § 440.230. Plaintiffs and Defendants have articulated different explanations of the purpose of personal care services for those under the age of 21. Defendants, pointing to the statutory definition of personal care services and CMS guidance, have argued that the purpose is to provide assistance with activities of daily living and instrumental activities of daily living; to maintain recipient health and safety; and to allow the recipient to remain in their own home rather than a hospital

ORDER DENYING
MOT FOR PI
NO. C11-2017 RBL

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

or other institution. Plaintiffs, pointing to the EPSDT statute, have argued that the purpose is to correct or ameliorate the child's condition, and argue that this is a much broader standard against which personal care services for children must be measured.

5. This Court is not convinced that Plaintiffs' and Defendants' standards are very far apart, as a practical matter. But regardless of how the standard is articulated, Plaintiffs have failed to establish a likelihood of success on the merits. There is no indication that the new, lower base hours will result in Plaintiffs or any putative class members being denied medically necessary personal care services.

6. Plaintiffs have not met their burden of showing that they face any likelihood of irreparable harm absent an injunction.

7. Plaintiffs' proposed injunction would interfere with an ongoing, and by all appearances fair and careful, re-evaluation of children on a case-by-case basis under the amended CARE tool. The proposed injunction also would require DSHS to pay for services that would be exorbitant by comparison to other states and that may well be unnecessary. Plaintiffs have therefore not met their burden of showing that an injunction is in the public interest or that the balance of equities tips in their favor.

//
//
//
//
//
//
//
//
//
//

ORDER DENYING
MOT FOR PI
NO. C11-2017 RBL

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

# ORDER

Plaintiffs' Motion for Preliminary Injunction is hereby denied.

DATED this 15th day of March 2012.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

ROBERT M. MCKENNA
Attorney General

s/ *Jonathon Bashford*
JONATHON BASHFORD, WSBA No. 39299
EDWARD J. DEE, WSBA No. 15964
WILLIAM BRUCE WORK, WSBA No. 33824
Assistant Attorneys General
Office of the Attorney General
P.O. Box 40124
Olympia, WA 98504-0124
Phone: 360-586-6565
E-mail: Edward.Dee@atg.wa.gov
BruceW@atg.wa.gov
JonB@atg.wa.gov

ORDER DENYING
MOT FOR PI
NO. C11-2017 RBL

7

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565