HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| D.B., a minor child, by his next friend, M.M.; H.C., a minor child by her mother and next friend, T.S.; CHARLES WILEN, by his guardian and next friend, JANICE WILEN, on behalf of themselves and a class of persons similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SUSAN DREYFUS, in her official capacity as Secretary of the Washington State Department of Social and Health Services and J. DOUGLAS PORTER, in his official capacity as the Director of the Washington State Health Care Authority,<br><br>　　　　　　　　　Defendants. | No.  11-cv-2017 RBL<br><br>ORDER<br><br>[Dkt. #106] |

Plaintiffs have moved for reconsideration of the Court's order denying a preliminary injunction. (Pls.' Mot. for Reconsideration, Dkt. #106.)  Under Local Rule 7(h):

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000).  "Indeed, a motion for reconsideration should not be

granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

Here, Plaintiffs' basis for the motion is a letter from Carol J.C. Peverly, Associate Regional Administrator, Division of Medicaid and Children's Health Operation, Centers for Medicare and Medicaid Services ("CMS"). (Pls.' Mot. for Reconsideration at 2.) Ms. Peverly simply reiterates the law: that a state may not limit "the medical assistance available to meet children's medically necessary needs under EPSDT." (Decl. of Edward Dee, Ex. 1 at 2, Dkt. #105.) The Court certainly agrees: the state must provide all medically necessary services to EPSDT-eligible children. The letter does not alter the Court's reasoning or the basis for its conclusion.

First, in its previous order the Court found that Plaintiffs have not established a likelihood of irreparable harm because they cannot identify any eligible child who is not receiving all medically necessary care. (Order at 4, Dkt. #102.) This is unchanged.

Second, Plaintiffs argue that Ms. Peverly's letter faults the State's interpretation of "medically necessary" care, which is statutorily defined as all care necessary to "correct or ameliorate defects and physical and mental illnesses . . . ." 42 U.S.C. § 1396d(r)(5). But, the State's definition is not at odds with the "correct or ameliorate" standard. Indeed, the State was simply more specific in arguing that it must provide "assistance with activities of daily living and instrumental activities of daily living; to maintain recipient health and safety; and to allow the recipient to remain in their own home rather than a hospital or other institution." (Order at 5.) While those are different words, the Court is unconvinced the meaning is different. And again, Plaintiffs have shown no evidence that the State, in reassessing base hours, is failing to provide any child with all services necessary to correct or ameliorate their illness. Without such evidence, Plaintiffs cannot show a likelihood of irreparable harm.

Lastly, Plaintiffs argue that the State has hard-capped hours and that the ETR process is inadequate because it does not have some sort of interlocutory appeal process. As Ms. Peverly noted, the "statutory standard necessitates a process that allows for adjustments in the numbers

of hours of services provided, including adjustments above a classification cap, based on an individualized assessment of a child's needs." (Decl. of Edward Dee, Ex. 1 at 4.) At the preliminary injunction hearing, the State presented ample evidence that the ETR process readily allows individualized assessments and often vastly increases a child's hours from the base. Moreover, any final determination is appealable. In short, Plaintiffs failed to establish fault with the ETR process, and the Court does not view Ms. Peverly's letter at contradicting its conclusion.

For the reasons stated above, the motion for reconsideration is **DENIED**.

Dated this 16th day of May 2012.

*Ronald B. Leighton*

Ronald B. Leighton
United States District Judge